UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| GIRSON'S ENTERPRISES, INC. | CASE NO.: 10-11671(1)(7) |
| Debtor(s) | |
| PRESIDENTIAL BANK, FSB | AP NO.: 11-1039 |
| Plaintiff | |
| vs. | |
| RAVI PAREKH | |
| Defendant(s) | |

**MEMORANDUM-OPINION**

This matter came before the Court for trial on the Complaint of Plaintiff, Presidential Bank, FSB ("Presidential") against Defendant Ravi Parekh ("Parekh"). The Court considered the testimony of the witnesses, Mark Flener, Laura Ross and Parekh, the documentary evidence submitted and arguments of counsel for the parties. For the following reasons, the Court will enter Judgment in favor of Presidential in the amount of $39,262.36 on its Complaint against Parekh.

**LEGAL ANALYSIS**

On or about July 28, 2011, Presidential filed a Complaint for Money Damages ("Contempt of Court") against Parekh.  Presidential is the secured creditor of Debtor Girson's Enterprises, Inc. ("Debtor") and Parekh was the president of the Debtor. Presidential received relief from the automatic stay on certain property known as The Hampton Inn operated by Debtor on April 29, 2011.  The property was foreclosed upon by Presidential and Presidential successfully bid on the property at the foreclosure sale.

The Debtor is indebted to Presidential on a promissory note executed on January 8, 2006, by Parekh.  The debt is secured by The Hampton Inn and all rents derived from Debtor's operation of the hotel.  Presidential's lien is properly perfected in accordance with Kentucky law.

On November 3, 2010, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.  Debtor continued to operate its business, specifically The Hampton Inn, as Debtor-in-Possession.  Presidential's cash collateral was maintained in two bank accounts, one with Franklin Bank & Trust and one with US Bank.  The Bank had electronic access to both bank accounts.  The Debtor continued to use Presidential's cash collateral without its consent until Presidential filed a Motion to Prohibit Debtor's Use of Cash Collateral on November 15, 2010.

On December 16, 2010, an Interim Agreed Order allowing Debtor's use of cash collateral in accordance with the terms of a budget was entered by the Court.  The Order

allowed use of cash collateral, with Presidential's consent, until January 31, 2011. Debtor moved to extend the Order allowing use of cash collateral and Presidential objected. Presidential then filed a motion for stay relief to proceed against its collateral. On February 3, 2011, the Court denied the Debtor's motion and granted Presidential's motion.

The Hampton Inn property was sold at foreclosure on April 29, 2011.

Presidential alleges that in violation of the Court's cash collateral Order, Parekh failed to pay Presidential cash of $46,929 which included $31,929 received from hotel operations for November 2011 and monthly adequate protection payment of $15,000 for January 2011. Presidential also contends despite two email demands to Debtor's attorney to stop using its cash collateral, Parekh used cash of $129,655.62 out of the US Bank account and $487,690.65 from the Franklin Bank account in violation of the Court's Order. Presidential claims damages of $275,608.47 plus attorneys' fees and costs.

In support of its case in chief, Presidential called Debtor's attorney, Mark Flener, the assistant manager of The Hampton Inn, Laura Ross, and Parekh as witnesses. Presidential had no other witnesses, nor did it have an authorized representative present at the trial, any signed affidavits or certified discovery responses in support of its Complaint.

Parekh testified that English is his second language and that he did not understand the meaning of the term "cash collateral." He also testified that he continued to operate the Hampton Inn without objection from Presidential and was never notified by Presidential to stop using cash from the business. Presidential never made demand for Debtor to cease

using its cash collateral or its operation of the hotel. In fact, Presidential and Parekh continued to negotiate Parekh's operation of the hotel until late March 2011. Only then did Presidential demand that Parekh turn over actual possession of the hotel and its cash collateral.

Parekh testified that of the 147 checks he wrote on the US Bank and Franklin Bank and Trust bank accounts, all but $39,262.36, were used to pay business expenses in connection with operating The Hampton Inn. This testimony was unrebutted by Presidential. Other than this admission by Parekh, Presidential did not submit any admissible evidence in support of any other damages Presidential may have incurred as a result of Parekh's alleged unauthorized use of its cash collateral. Presidential had the burden to prove its claim of civil contempt by clear and convincing evidence of any actual loss. *In re Etch-Art, Inc.*, 48 B.R. 143, (Bankr. D. R.I. 1985). The Court cannot make any further findings on damages without any admissible evidence other than Parekh's admission to his unauthorized use of $39,262.35.

Accordingly, Judgment in favor of Presidential in the amount of $39,262.36 will be entered against Parekh on its Complaint.

### CONCLUSION

For all of the above reasons, the Court will entered Judgment in favor if the Plaintiff Presidential Bank, FSB and against Defendant Ravi Parekh in the amount of $39,262.36.

-4-

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 26, 2012

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| GIRSON'S ENTERPRISES, INC. | CASE NO.: 10-11671(1)(7) |
| Debtor(s) | |
| PRESIDENTIAL BANK, FSB | AP NO.: 11-1039 |
| Plaintiff | |
| vs. | |
| RAVI PAREKH | |
| Defendant(s) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff Presidential Bank, FSB is entitled to Judgment in its favor on its Complaint against Defendant Ravi Parekh in the amount of $39,262.36.

This is a final and appealable Judgment.  There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 26, 2012